NO. 07-05-0123-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 8, 2005

_____

RICKY J. PAREDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403272; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Ricky J. Paradez, Jr., appeals from an adjudication of guilt for the offense of deadly conduct by discharging a firearm and punishment of confinement for 10 years. We affirm.

Appellant was charged by indictment with the offense of deadly conduct by discharging a firearm. Pursuant to a plea agreement with the State, appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found that

the evidence substantiated appellant's guilt, followed the plea agreement and, on November 19, 2003, deferred adjudication of appellant and placed appellant on community supervision for three years. Appellant did not appeal from these proceedings.

On February 8, 2005, the State filed a Second Amended Motion to Proceed With Adjudication of Guilt. At a hearing on the motion, appellant pled not true to the allegations in the motion. After hearing evidence, the trial court found all of the allegations true and adjudicated appellant guilty. Following a separate punishment hearing, the court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for 10 years.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. Counsel has concluded the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

In reaching the conclusion that the appeal is frivolous, counsel identifies one possible issue. That issue is ineffective assistance of counsel. However, after referencing, analyzing and discussing the trial record, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceeding or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel's brief

demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal.

Counsel has attached exhibits showing that a copy of the <u>Anders</u> brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.

Mackey K. Hancock<br/>
Justice

Do not publish.